SARKIS SAGHBAZARIAN *vs.* EDWARD COHEN.

Middlesex.    March 4, 31, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage*, Of real estate: extension. *Receipt*. *Evidence*, Extrinsic affecting writing.

Where a master who heard a suit in equity to restrain the foreclosure of a construction mortgage did not report the evidence, and an issue was, whether the defendant had granted for consideration an extension of time for the payment of the amount due under the mortgage and the plaintiff offered in evidence a receipt dated February 3, 1930, after maturity of the mortgage, acknowledging a certain payment in way of interest "till Feb. 21, 1930 — one month," a finding by the

master, that this receipt and acceptance of interest after the date of the maturity of the note were not an extension of the note under the terms of the agreement, must be accepted as true.

Ordinarily a receipt is open to explanation and its written terms are not conclusive upon the parties.

BILL IN EQUITY, filed in the Superior Court on April 16, 1930, and described in the opinion.

The suit was referred to a master. Material findings by the master are stated in the opinion. The record disclosed no objections in writing filed with the master, although his report stated that the plaintiff objected to his finding with respect to the receipt, described in the opinion, contending that the effect of the receipt was a matter of law and not of fact.

By order of *Broadhurst*, J., there were entered an interlocutory decree overruling the plaintiff's "exceptions" to the master's report and confirming the report, and a final decree dismissing the bill. The plaintiff appealed from the final decree.

*M. H. Kramer*, for the plaintiff, submitted a brief.

*A. M. Cohen*, for the defendant.

RUGG, C.J. This suit in equity is brought to restrain the foreclosure of a construction mortgage. The case was sent to a master. The plaintiff's exceptions to his report were overruled and the report was confirmed, and a final decree was entered dismissing the bill. The mortgage and note thereby secured were to run for a term of four months from August 21, 1929. The underlying controversy between the parties was whether the defendant had granted for consideration an extension of time for the payment of the amount due under the mortgage. As bearing upon that point, the plaintiff offered in evidence a receipt dated February 3, 1930, acknowledging the payment of $92.50 in way of interest "till Feb. 21, 1930 — one month." The master found that this receipt and acceptance of interest after the date of the maturity of the note were not an extension of the note under the terms of the agreement. The evidence is not reported and hence the findings of fact of the master must be accepted as true.

It is established that ordinarily a receipt is open to explanation and that its written terms are not conclusive upon the parties. There are no findings which require the conclusion that this receipt in the circumstances disclosed was an agreement to extend the mortgage and the note thereby secured.

*Interlocutory decree affirmed and final decree affirmed with costs.*